Chancellor Harper
delivered the opinion of the court.
The second and sixth grounds of the motion, which relate to the points chiefly considered by the chancellor below, have been abandoned.
With respect to the first ground, we do not think it necessary to determine, whether the answer overrules the plea; because we are of opinion, that there was a sufficient memorandum in writing, to take the agreement out of the statute of frauds, the auctioneer being regarded as the agent of both parties. It is agreed, with re-gpeetto goods sold at auction, he must be so regarded ; but some of the earlier cases, determined that this could not be extended to lands. Stansfield vs. Johnson, 1 Esp. Ni. Pri. 101; Buckmaster vs. Harrop, 7 Ves. 341. But Lord Eldon expressed a different *161 ©pinion, in Coles vs. Trecothick, 9 Ves. 234, which has been fob lowed ever since — by Lord Erskine in the same case, of Buckmaster vs. Harrop, 18 Ves. 456, and by Sir Wm. Grant, in Kinneys vs. Proctor, 3 Ves. & B. 57. He states that he should himself have been ol a different opinion, but was governed'by the de« cisions of the Court of Common Pleas, in Emerson vs. Hiles, 2 Taunt. 38, and White vs. Proctor, 4 Taunt. 209, to the same effect with the equity cases cited. The same thing has been decided in New York, M‘Comb vs. Wright, 4 Johns. Ch. Ca. 659. I myself expressed a different opinion, in a case decided by me as chancellor ; but upon its being carried up to the Court of Appeals, that court.overruled my opinion ; so that the question may be regarded as settled.
Then an objection was taken to the sufficiency of the memorandum, as not setting forth sufficiently the description of thejpa¡3#í£r and the terms of sale. 1 do not understand the objectio^jo íq|^ti|r' to the entry in the auctioneer’s book, but to the pencil memorandum made on the land at die moment of sale, which it was th|wgj^’5nj»)i stituted the trüe memorandum. But this is contrary to |pe universal understanding. The entry in the auctioneer’s book was^rnaffjjg as early as practicable. If a memorandum of sales be maite by a shopkeeper in pencil, or on a slate, and afterwards entered uFt®** day book, the latter is always regarded as the original entry.
Then it was argued, that having contracted and dealt with Rowland, the complainants have no recourse against W iley. But it is perfectly weli settled that if a party contracts with an agent, not knowing him to be agent, and afterwards discovers the principal, he may afterwards enforce the contract against the principal. See Paterson vs. Gandasequi, 15 East 68, and Rawlton vs. Hodges, 4 Taunt. 576, &c. There is a difference if the party contracts with an agent, knowing of the principal. There, if after he knows the principal, he continues to deal exclusively with the agent, and gives the credit to him, the principal will be discharged. Addison vs. Gandasequi, 4 Taunt. 576. Here, however, the complainants dealt with the principal from the lime they discovered him. The case' of Kinneys vs, Proctor, seems to have been in this, respect, precisely like the present. The auctioneer entered the sale as made to the agent, and the contract was enforced against the principal. It is clear, that the auctioneer’s authority need not be in writing. See Lord Eldon in Coles vs. Trecothick.
The third ground was not urged in argument.
The fourth ground involves matter^ depending on testimony, with *162 respect to which, we have no reason to distrust the chancellors conclusion.
A. M. Smith, for motion.
Petigru, contra.
Filed 21st March, 1837.
The fifth ground was not urged, ation. and seems to be without found»
The decree is affirmed.
WILLIAM HARPER.
We concur,
DAVID JOHNSON,
J. JOHNSTON,